**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RAOUL MORENO,

     Defendant - Appellant.

No. 07-4128
(D.C. No. 2:06-CR-384-DAK)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **KELLY**, Circuit Judge.

Defendant-Appellant Raoul Moreno appeals from his conviction for distributing five grams or more of methamphetamine, 21 U.S.C. § 841(a)(1), and for carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). Mr. Moreno was sentenced to 180 months' imprisonment followed by 60 months' supervised release. On appeal, he argues that the district court improperly instructed the jury that it could not consider a prior inconsistent statement as substantive evidence unless the statement was made under oath. We

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Background

On May 5, 2006, Detective Roger Niesporek, accompanied by a cooperating state defendant, sought to purchase two ounces of methamphetamine and a firearm from Amber Ward. The detective saw a suspect, who he identified at trial as Mr. Moreno, walking on the sidewalk near Ms. Ward's home who motioned them to follow him. While driving by, the detective watched Mr. Moreno cross a grassy area and pull out of his pocket what appeared to be a gun, look at it, and then return it to his pocket. The cooperating state defendant and the detective parked in front of a market where Mr. Moreno approached the car and sat in the rear seat on the driver's side. The detective was seated in the passenger seat of the car. He testified he could see Mr. Moreno clearly and described his appearance as "a male Hispanic, about average height, a little stocky, bigger guy . . . wearing a black basketball jersey, a black-and-white jersey with the Number 32, and he had shorts on," III R. at 60–61.

Mr. Moreno then passed the detective a sandwich bag which was later determined to contain methamphetamine, and the detective passed Mr. Moreno $1,700 in cash. According to the detective, he saw what appeared to be the outline of a semi-automatic handgun inside Mr. Moreno's pocket. After the

transaction, the detective testified that Mr. Moreno said, "if we wanted a 9 millimeter he could probably hook us up with one." Id. at 70. The detective further testified that he heard a metallic click that he believed to be the sound of a firearm being de-cocked or the safety being engaged.

The detective prepared a police report including a physical description of Mr. Moreno. However, the police report did not mention Mr. Moreno's tattoos. During cross-examination of the detective, defense counsel asked Mr. Moreno to show his extensive tattoos on his arms, legs and the back of his head. The detective acknowledged that this omission was an error in his report.

During the jury instruction conference, Mr. Moreno objected to jury instruction 10 which provides:

> The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time before trial the witness said or did something, or failed to say something, which is inconsistent with the testimony the witness gave at this trial.

> If you find that a statement is inconsistent with the testimony the witness gave at this trial, you may consider the earlier statement in deciding the truthfulness and accuracy of the witness' testimony in this trial. <u>You may not, however, use it as evidence of the truth of the matter contained in that prior statement, unless that statement was made under oath.</u> If the prior statement was made under oath, you may also consider it as evidence of the truth of the matter contained in that prior statement.

I R. Doc. 152 at 11 (emphasis added). Mr. Moreno objected to the emphasized sentence arguing that it was not applicable because the instruction went to the

detective's testimony regarding his police report. The district court overruled the objection on the grounds that the inconsistent statements could be used for impeachment, but not substantive evidence—"you can't get positive evidence out of a prior statement that isn't under oath [but] . . . [y]ou can impeach, you can beat them to death with it." IV R. at 13. During deliberation, the jury requested a transcript of the detective's testimony and the police report. II R. Doc. 151 at 1. The court declined the request with the following instruction:

> No testimony of any witness is available during trial. It takes an enormous amount of time to prepare transcripts. You must rely on your memories.
>
> Police reports are not usually admitted into evidence and were not in this case. You have all the exhibits that were admitted. You must rely on your notes and collective memory.

Id. at 2.


## Discussion

District courts must instruct the jury correctly on the law. Because Mr. Moreno objected to the jury instruction concerning inconsistent statements, we review the instruction de novo. United States v. Jameson, 478 F.3d 1204, 1211 (10th Cir. 2007). We review jury instructions as a whole and will reverse the conviction only if we have "substantial doubt that the jury was fairly guided." United States v. LaVallee, 439 F.3d 670, 684 (10th Cir. 2006) (quotations omitted).

Mr. Moreno argues that the jury was incorrectly instructed that a witness's prior statement could not be used as substantive evidence because the witness was not under oath when he made the statement. Mr. Moreno contends that the instruction precluded the jury from considering the detective's omission of the suspect's tattoos from the police report as evidence of the suspect's true identity because police reports are not made under oath.

Federal Rule of Evidence 801(d)(1) provides that certain statements are not hearsay and therefore admissible as substantive evidence where "[t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition." If a witness's prior statements are not made under oath, the statements "are admissible only to impeach or discredit the witness and are not competent substantive evidence of the facts to which the former statements relate." United States v. Carter, 973 F.2d 1509, 1512 (10th Cir. 1992) (quotations omitted). In such a circumstance where the prior statement does not comply with Rule 801(d)(1)(A), the jury must be instructed that the statement is available for contradiction purposes only and not for the truth of the statement. See id. at 1514; accord 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, Federal Jury Practice & Instructions—Criminal, § 15.06 (5th ed. 2000) (instruction that "[t]he earlier inconsistent or contradictory statements are

admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements" should be included in the charge unless a Rule 801(d)(1)(A) statement is involved).

Even assuming that the police report was a prior statement inconsistent with the detective's trial testimony, it was not a statement "given under oath . . . at a trial, hearing, or other proceeding." See Fed. R. Evid. 801(d)(1)(A). Consequently, Mr. Moreno could only use the police report to contradict the detective's evidence and not as substantive evidence. The jury instruction correctly and clearly stated the applicable law.

Mr. Moreno's argues that if a jury cannot rely on a witness's prior statement as substantive evidence of what occurred, a jury is simply left with the witness's statements at trial. He argues that the police report ought to be considered evidence of what truly happened. In this case, the police report was not admitted into evidence, and Mr. Moreno did not even proffer the police report to the district court. See United States v. Angelos, 433 F.3d 738, 749–50 (10th Cir. 2006) (district court did not abuse its discretion in refusing to admit police reports as they would have been cumulative of the officer's admission that he did not include certain information in those reports). In any event, Mr. Moreno was given broad latitude to emphasize the omission in the police report and did so

during cross-examination and closing argument. The trial judge handled the situation correctly.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge